1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM A. LITTLE,                              No.  2:14-cv-1964 CKD P

12                   Plaintiff,

13          v.                                        ORDER

14    EDMUND G. BROWN, et al.,

15                   Defendants.

16

17    I.  Introduction

18          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

19    § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

20    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21    Plaintiff has consented to this court's jurisdiction pursuant to Local Rule 302 and 28 U.S.C.

22    §636(c).

23          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

24    §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

25          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

26    §§1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect

27    the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

28    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

                                                      1

1  month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

2  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

3  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4  II.  Screening

5  A.  Legal Standard

6       The court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18       In order to avoid dismissal for failure to state a claim a complaint must contain more than

19  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

20  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

21  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

23  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

24  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

25  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

26  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

27  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

28  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

2

1    U.S. 232, 236 (1974).

2    B.  Allegations

3        Plaintiff alleges that, earlier this year, he was transferred from California State Prison-

4    Solano to the North Fork Correctional Facility in Sayre, Oklahoma.  He names as defendants two

5    state officials (Governor Brown and CDCR Secretary Cate) and three CSP-Solano officials

6    (Warden Swarthout and two correctional counselors).  Plaintiff contends that California's "policy

7    and practice" of transferring inmates to out-of-state prisons violates their Fourteenth Amendment

8    right to equal protection and their Eighth Amendment right to be free of cruel and unusual

9    punishment; he also asserts related state law claims.  Plaintiff purports to bring this action as a

10   class action on behalf of roughly 128,000 male prisoners subject to the challenged policies.

11       Plaintiff alleges that his out-of-state transfer has resulted in various hardships, including

12   an inferior diet, fewer privileges, and the deprivation of family visits.  Plaintiff further alleges that

13   "CDCR has violated [his] rights to an attorney consultation . . . to argue plaintiff's 'HARDSHIP'

14   status."  (ECF No. 1 at 6, citing Cal. Penal Code § 2911.)  He seeks an order enjoining defendants

15   from subjecting him and other purported class members to the challenged policies, as well as

16   monetary damages.

17   C.  Class Action

18       While plaintiff characterizes this as a class action, he has made no motion pursuant to

19   Federal Rule of Civil Procedure 23 seeking to have the court certify this matter as a class action.

20   Moreover, plaintiff is a non-lawyer proceeding without counsel.  It is well established that a

21   layperson cannot ordinarily represent the interests of a class.  See Fed. R. Civ. P. 23(a)(4)

22   (requiring that class representative be able to "fairly and adequately protect the interests of the

23   class"); see also McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (lay person lacks

24   authority to appear as attorney for others).  Accordingly, the court will treat this action as an

25   individual suit for relief.

26   D.  Analysis

27       It is black letter law that a prisoner has no constitutional right to incarceration in a

28   particular institution or housing unit or to be transferred from one facility to another.  Meachum

                                                    3

1  v. Fano, 427 U.S. 215, 224-228 (1976).  Moreover, it has been specifically held that an interstate

2  prison transfer does not deprive an inmate of any liberty interest protected by the Due Process

3  Clause.  Olim v. Wakinekona, 461 U.S. 238, 248 (1983); White v. Lambert, 370 F.3d 1002 (9th

4  Cir. 2004) (habeas petitioner's transfer to an out-of-state prison did not violate any substantive

5  liberty interest protected by the Due Process Clause).  See also Rizzo v. Dawson, 778 F.2d 527,

6  530 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction

7  so that the state may change his place of confinement even though the degree of confinement may

8  be different and prison life may be more disagreeable in one institution than in another.").

9        Nor has petitioner alleged a cognizable claim that his treatment constituted "cruel and

10  unusual punishment" or a denial of his right to equal protection of the law.  See Lopez v. Smith,

11  203 F.3d 1122, 1132–1133 (9th Cir. 2000) (legal standard for Eighth Amendment claim that

12  prison official has deprived inmate of humane conditions of confinement); Rizzo, 778 F.2d at 530

13  ("Plaintiff's assertion that his transfer would violate his . . . equal protection rights has no basis in

14  law.").

15        The court next considers plaintiff's allegation that he was denied a timely consultation

16  with an attorney about his involuntary out-of-state transfer.  As background, the court takes

17  judicial notice of the following facts: The California Out of State Correctional Facility ("COCF")

18  is a unit within the California Department of Corrections and Rehabilitations whose mission is to

19  transfer inmates out of state for the purpose of alleviating overcrowding.  See Cal. Code Regs. tit.

20  15, § 3379 (a)(9).  State prison regulations allow an inmate to consult with an attorney prior to a

21  voluntary or involuntary transfer.  Cal. Code  Regs. tit. 15, § 3379(a)(9)(C).[1]  See also James v.

22  Sweeny, 2013 WL 129393, *1, n.3 (E.D. Cal. 2013).

23        Plaintiff alleges that CSP-Solano officials put him on the road to Oklahoma in January

24  2014.  He arrived at North Fork in February 2014, but was not allowed to consult with an attorney

25  _____

26  [1]  Section 3379(a)(9)(C) provides: "Any California inmate who volunteers or is notified that he is eligible for involuntary transfer to COCF shall be informed of the opportunity to seek legal consultation with an attorney:  1. Prior to the completion of the Institutional Staff

27  Recommendation Summary (ISRS) for Reception Center Inmates.  2.  Prior to a classification committee for non-Reception Center inmates. 3. Inmates shall have the ability to waive the

28  attorney consultation."

4

1    about the transfer until April 2014, during a brief phone call.  He spoke to another attorney in

2    May 2014, who informed him that his right to consult an attorney had been violated.  (ECF No. 1

3    at 5-6.[2])

4            A claim under § 1983 is available to redress violations of federal statutory and

5    constitutional law.  Maine v. Thiboutot, 448 U.S. 1, 4 (1980).  In Ghana v. Pearce, 159 F.3d 1206,

6    1207-1209 (9th Cir. 1998), the Ninth Circuit determined that state officials' violation of an

7    interstate compact that "set[] forth procedures governing the interstate transfer of state prisoners,

8    and . . . ensure[d] that such prisoners maintain certain rights provided by the sending state," could

9    not serve as the basis for a § 1983 claim, as the compact was "not federal law."  See also Saide v.

10   Cate, 2011 WL 4738496, *1 (E.D. Cal. 2011) ("Petitioner has no federal constitutional right to be

11   housed in a particular prison or state.  [Citation.]  Moreover, neither the Interstate Corrections

12   Compact nor the Western Interstate Corrections Compact are federal law."), citing Ghana, 159

13   F.3d at 1209.  Accordingly, plaintiff's suit cannot go forward on this basis.

14           In sum, plaintiff has failed to state a cognizable claim for relief under § 1983.  Plaintiff

15   will be granted one opportunity to file an amended complaint.  Plaintiff should note that although

16   he has been given the opportunity to amend, it is not for the purpose of adding new claims.

17   George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  If plaintiff chooses to amend the complaint,

18   he should carefully read this screening order and focus his efforts on curing the deficiencies set

19   forth above.

20           In an amended complaint, plaintiff must demonstrate how the conditions complained of

21   have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

22   227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant

23   is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative

24   link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode,

25   423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

26   F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

27

28   _____
     [2] Citations refer to page numbers assigned by the court's docketing system.

1   participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266,

2   268 (9th Cir. 1982).

3        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

5   complaint be complete in itself without reference to any prior pleading.  This is because, as a

6   general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

7   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

8   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

9   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10        In accordance with the above, IT IS HEREBY ORDERED that:

11        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

12        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

13   shall be collected and paid in accordance with this court's order to the Director of the California

14   Department of Corrections and Rehabilitation filed concurrently herewith.

15        3.  Plaintiff's complaint is dismissed.

16        4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

17   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

18   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

19   assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

20   two copies of the amended complaint; failure to file an amended complaint in accordance with

21   this order will result in a recommendation that this action be dismissed.

22   Dated:  September 18, 2014

23   _____
     CAROLYN K. DELANEY
24   UNITED STATES MAGISTRATE JUDGE

25

26

27

28   2 / litt1964.14.new